Filed 6/5/15  P. v. Hang CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HANG et al.,<br><br>Defendants and Appellants. | B258182<br><br>(Los Angeles County<br>Super. Ct. No. BA398512) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver.  Affirmed with modifications.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant Kevin Steven Hang.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant Javier Hernandez.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael C. Keller and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

Appellants Kevin S. Hang and Javier Hernandez were each convicted, following a jury trial, of one count of battery with serious bodily injury in violation of Penal Code[1] section 243, subdivision (b). Hernandez was also convicted of one count of making a criminal threat in violation of section 422, subdivision (a). The jury found true the allegations that appellants personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). The jury also found true the allegation that Hernandez had served a prior prison term within the meaning of section 667.5, subdivision (b).

The trial court sentenced Hang to the mid-term of three years in state prison. The court also sentenced Hernandez to the mid-term of three years for the battery conviction, plus a concurrent term for the criminal threat. The court struck Hernandez's section 667.5 enhancement.

Appellants appeal from the judgment of conviction. Hernandez contends the sentencing minute order and abstract of judgment must be corrected to reflect the sentence actually imposed by the trial court for his criminal threat conviction, and his presentence custody credits must be corrected as well. Both appellants contend the great bodily injury enhancement must be stricken. Respondent agrees with these contentions, and additionally points out that Hang is entitled to additional presentence custody credits as well. We agree, and order the abstract of judgment corrected as set forth in more detail in the disposition. The judgment is affirmed in all other respects.

Facts

On June 5, 2012, Brent Bailey engaged in a losing fight with appellants. He was kicked, choked, knocked unconscious, lost two of his front teeth, sustained a broken nose, a bloody eyeball and a split lip requiring multiple stitches.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Sara Ealba watched the fight and screamed to Hernandez, "Stop, stop., leave [him] alone." Hernandez confronted her saying, "Shut the fuck up, bitch. You and your friend are gonna die tonight." She believed him and sustained fear.

Discussion

1. Sentence

Hernandez contends the abstract of judgment must be corrected to reflect the sentence actually imposed by the trial court at sentencing for his count 3 criminal threats conviction. Respondent agrees. We agree as well.

The trial court stated, "Count 3 . . . I will select the mid base term and run it concurrent. . . ." The mid-term for a violation of section 422 is two years in state prison. However, the minute order and abstract of judgment both show a concurrent term of three years for count 3.

When there is a conflict between the oral pronouncement of judgment and the minute order or abstract of judgment, the trial court's oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, the abstract of judgment must be modified to reflect the sentence actually imposed by the trial court.

2. Section 12022.7 enhancement

The jury found true the allegation that appellants inflicted great bodily injury within the meaning of section 12022.7, subdivision (d), in the commission of the section 243, subdivision (d), battery offense. The trial court stated, "I'm imposing the 12022.7(a) but I am striking the punishment under 1385." Appellants contend the jury's true finding on the section 12022.7 allegation must be stricken for all purposes. Respondent agrees. We agree as well.

Section 12022.7 expressly provides that subdivision (d) "shall not apply if infliction of great bodily injury is an element of the offense." (§ 12022.7, subd. (g); *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1326.) Great bodily injury as defined in

3

section 12022.7 is an element of the crime of battery causing serious bodily injury in violation of section 243, subdivision (d). (See *People v. Beltran* (2000) 82 Cal.App.4th 693, 696-697 ["The terms 'serious bodily injury' in section 243 and 'great bodily injury' in section 12022.7 have substantially the same meaning"]; *People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1376.) Thus, the section 12022.7 enhancement must be stricken for all purposes.


       3. Presentence custody credits

Appellants each received 67 days of presentence custody credit. Hernandez contends he is entitled to 189 days. Respondent agrees. Respondent points out that Hang is also entitled to additional presentence credit, for a total of 149 days. We agree as well.

Hernandez was arrested on June 5, 2012, and was released from custody on July 1, 2012, amounting to 27 days of actual custody. He was then in custody again from May 8, 2014, to July 14, 2014, amounting to 68 days in custody. Thus, he has a total of 95 days of actual custody. He is entitled to an additional 94 days of conduct credit. (See *In re Marquez* (2003) 30 Cal.4th 14, 25-26.) This gives Hernandez a total of 189 days of presentence custody credit.

Hang was arrested on June 5, 2012, and released from custody on June 11, 2012, amounting to 7 days of actual custody. He was in custody again from May 8, 2014, to July 14, 2012, amounting to 68 days in custody. Thus, he has a total of 75 days of actual custody. He is entitled to an additional 74 days of conduct credit. (See *In re Marquez, supra,* 30 Cal.4th at 25-26.) This gives Hang a total of 149 days of presentence custody credit.

Disposition

Appellant Hernandez's sentence is ordered modified as follows:  (1) The section 12022.7 great bodily injury allegation is stricken for all purposes; (2) sentence for the count 3 criminal threats conviction is corrected to the mid-term of two years; and (3) presentence custody credits are increased to 95 days of actual custody plus 94 days of conduct credit, for a total of 189 days of presentence custody credit.  The clerk of the superior court is instructed to prepare an amended abstract of judgment for Hernandez reflecting these modifications and to deliver a copy to the Department of Corrections and Rehabilitation

Appellant Hang's sentence is ordered modified as follows:  (1) The section 12022.7 great bodily injury allegation is stricken for all purposes; and (2) presentence custody credits are increased to 75 days of actual custody and 74 days of presentence custody credits for a total of 149 days of presentence custody credit.  The clerk of the superior court is instructed to prepare an amended abstract of judgment for Hang reflecting these modifications and to deliver a copy to the Department of Corrections and Rehabilitation.

The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIRSCHNER, J.[*]

We concur:



TURNER, P.J.



MOSK, J.

---

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.